DAVID A. HUBBERT
Acting Assistant Attorney General

ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Counsel for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON`
PORTLAND DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Jeffry Goodrich,<br><br>    Defendant. | Case No.:<br><br>COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT |

Plaintiff, the United States of America, alleges the following:

1. This is a civil action by the United States of America to reduce to judgment federal income tax assessments against defendant Jeffry Goodrich.

**JURISDICTION AND VENUE**

2. This action is brought at the direction of the Attorney General of the United States and at the request and with authorization of the Chief Counsel of the Internal

(Case No.)

Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401.

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402, and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the District of Oregon under 28 U.S.C. §§ 1391 and 1396, because Jeffry Goodrich resides in this judicial district and the federal tax liabilities that are the subject of this action arose in this district.

5. Because the Defendant resides in Clackamas County, the Portland Division of the District of Oregon is the proper division for this case pursuant to LR 3-2(a).

## DEFENDANT

6. Defendant Jeffry Goodrich is an individual residing within this judicial district.

7. During the tax years at issue, he was a ten percent owner of Eagle View Construction, LLC, a construction company that was taxed as a partnership.

8. He has unpaid federal income tax income liabilities that form the basis of this suit.

## FEDERAL TAX LIABILITIES

9. Jeffry Goodrich did not timely file personal federal income tax returns for tax years 2002 through 2006, and Eagle View Construction also did not file federal tax returns for these years.

10. In October 2008, the IRS began an audit for the 2002-2006 tax years of Jeffry Goodrich, his then wife Jennifer Goodrich, and Eagle View Construction.

11. As part of the investigation, the IRS determined the amount of income of Eagle View Construction, a share of which would be passed through to Jeffry Goodrich.

12. The IRS also determined Jeffry Goodrich's tax liability for tax years 2002-2006 and prepared tax returns for him for those years pursuant to 26 U.S.C. § 6020.

13. On February 14, 2011, the IRS sent Jeffry Goodrich statutory notices of deficiency for 2002-2006.

14. Because he did not timely petition the United States Tax Court, on July 18, 2011, a duly authorized delegate of the Secretary of the Treasury of the United States timely assessed tax deficiencies and additions to tax, including the failure to file penalty, estimated tax penalty, failure to pay penalty, and interest, against him.

15. Timely notice and demand for payment of the assessments described in paragraph 14 was made upon Jeffry Goodrich, as required by 26 U.S.C. § 6303.

16. On May 28, 2013, the U.S. District Court for the District of Oregon entered a second amended judgment in a criminal case against Jeffry Goodrich for the willful failure to account and pay over payroll taxes for Eagle View Construction for the fourth quarter of 2005 and the first three quarters of 2006. *See United States v. Jeffry D. Goodrich*, Case No. 11-cr-00426 (Dist. Ore.).

17. As part of the special conditions of supervision under the second amended judgment, Jeffry Goodrich was ordered to file personal and business tax returns.

18. On April 9, 2014, Jeffry Goodrich and Jennifer Goodrich jointly filed federal income tax returns for the 2003 through 2006 tax years.

19. Based on the self-reported amounts on the 2003-2006 returns, the IRS abated most of the previous assessments for tax and additions to tax for those years.

20. The previous assessments for 2004-2006 have been or will be completely abated.

21. The IRS then conducted an audit of the returns that Jeffry Goodrich filed for 2003-2006.

22. Through the investigation of the returns, the IRS determined Jeffry Goodrich's tax liability for tax years 2003 through 2006, which was higher than the self-reported amounts on the returns and therefore resulted in a deficiency for each year.

23. On August 24, 2017, the IRS sent Jeffry Goodrich statutory notices of deficiency for 2003-2006.

24. Because he did not timely petition the United States Tax Court, on April 2, 2018, a duly authorized delegate of the Secretary of the Treasury of the United States timely assessed tax deficiencies and additions to tax, including the failure to file penalty, fraud penalty, failure to pay penalty, and interest, against him.

25. Timely notice and demand for payment of the assessments described in paragraph 24 was made upon Jeffry Goodrich, as required by 26 U.S.C. § 6303.

26. Despite notice and demand for payment of the assessments set forth above, Jeffry Goodrich has neglected, refused, or failed to fully pay the assessments against him.

27. Since the dates of assessment described in paragraphs 14 and 24, interest, penalties, and statutory additions have accrued and will continue to accrue as provided by law.

28. As of July 18, 2021, the outstanding balance of the assessments, including accrued interest and penalties, is $2,993,172.04, as summarized in the following table:

| Type of Tax | Tax Period | Assessment Date | Outstanding Balance as of 7/18/2021[1] |
|---|---|---|---|
| Income (1040) | 2002 | 7/18/2011 | $589,684.41 |
| Income (1040) | 2003 | 7/18/2011 | $5,109.02 (net amount of initial assessment & abatement) |
| Income (1040) | 2003 | 4/2/2018 | $631,672.70 |
| Income (1040) | 2004 | 4/2/2018 | $326,363.61 |
| Income (1040) | 2005 | 4/2/2018 | $403,675.21 |
| Income (1040) | 2006 | 4/2/2018 | $1,036,667.09 |
| Total | | | $2,993,172.04 |

**COUNT I: REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST JEFFRY GOODRICH FOR TAX YEARS 2002-2006**

29. The IRS timely assessed federal taxes, interest, and penalties against Jeffry Goodrich for tax years 2002-2006, as described in paragraphs 14 and 24.

30. Despite notice and demand for payment of the income tax assessments for 2002-2006, Jeffry Goodrich has neglected or refused to make full payment to the United States.

31. As of July 18, 2021, he owes a total of $2,993,172.04 in federal income tax liabilities, including accrued penalties and interest.

---

[1] The outstanding balance amount in paragraph 28 includes both assessed and unassessed but accrued taxes, penalties, interest, payments, credits, and other adjustments through July 18, 2021.

32. Because the earliest assessment at issue in this case was made on July 18, 2011, this action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

33. Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Jeffry Goodrich for the unpaid balance of the assessments summarized in paragraph 28, plus interest and other statutory additions accruing to the date of payment.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor and against Jeffry Goodrich as follows:

A. Enter judgment against Jeffry Goodrich on the assessments summarized in paragraph 28 in the amount of $2,993,172.04, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from July 18, 2021, until judgment is paid;

B. Award the United States its costs and such other relief as is just and proper.

Dated: July 14, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Alexander E. Stevko*
ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice